UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

AUSTIN CLEGG,                          :
                                       :
                    Petitioner,        :
                                       :   CIVIL NO. 3:CV-09-394
          v.                           :
                                       :   (JUDGE VANASKIE)
                                       :
COMMONWEALTH OF PA,                    :
et al.,                                :
                                       :
                    Respondents.       :

MEMORANDUM

Background

          This pro se habeas corpus proceeding pursuant to 28 U.S.C. § 2254 was filed by

Austin Clegg, a pre-trial detainee confined at the Dauphin County Prison, Harrisburg,

Pennsylvania.  Named as Respondents are the Commonwealth of Pennsylvania, the Dauphin

County Prison, and its Warden, Dominick DeRose.[1]  The Petition is accompanied by an in

forma pauperis application.  See Dkt. Entry # 2.  For the reasons set forth below, Petitioner will

be granted temporary in forma pauperis status for the sole purpose of the filing of this action,

but his petition will be dismissed without prejudice as meritless.

_____

[1] The only properly named respondent in a federal habeas corpus action is the
applicant's custodial official.  See 28 U.S.C. § 2242.  Warden DeRose is Petitioner's custodial
official for purposes of § 2242.

Clegg states that he was arrested on June 12, 2008 by the Harrisburg Police Department and charged with "robbery &  threatening immediate serious injury & conspiracy." Dkt. Entry # 1, ¶ 2.  After being unable to post bail, Petitioner was placed in the Dauphin County Prison.  His pending petition alleges that his speedy trial rights have been violated because he has not been taken to trial within 180 days as mandated by Pennsylvania Rule of Criminal Procedure 600.[2]  He notes that the Commonwealth has been granted three (3) trial continuances.  Petitioner adds that he has been confined a total of 261 days as of the filing date of this matter.  His petition asserts that the failure of his court appointed defense counsel to file any motions relating to his speedy trial rights constitutes ineffective assistance.  It is unclear as to whether Clegg is seeking dismissal of his pending state criminal charges and/or his release on nominal bail.

Discussion

Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  See, e.g., Mutope v. Pennsylvania

---

[2]It would appear that Petitioner is referring to Pennsylvania Rule of Criminal Procedure 600(A)(2), which provides as follows:

> (A)(2)  Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.

Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting  Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Based upon his admission that he has not yet been convicted or even tried on the state criminal charges underlying this action, Clegg is clearly a pre-trial detainee.  His pending Petition challenges the validity of his ongoing state criminal prosecution.   Although "federal habeas corpus is substantially a post-conviction remedy," this Court still has limited jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus.   See Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975). However, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." Id. at 443; see also, Calihan v. Superior Court, 158 Fed. Appx. 807 (9th Cir. 2005)( absent special circumstances,"[p]rinciples of comity and federalism" require abstention from deciding pre-conviction habeas challenges).

In Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court similarly observed that "principles of federalism and comity require district courts to abstain from

enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992).  The test for federal court abstention under Younger is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id.   However, it is only when a habeas petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified.  See Dombrowski v. Pfister, 380 U.S. 479, 482 (1965); Coruzzi v. State of N.J., 705 F.2d 688, 690 (3d Cir. 1983).

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).  It has also been noted that the habeas corpus remedy afforded to state inmates under § 2254 was not intended "to argue state law issues pre-trial in a federal forum." Green v. Commonwealth of Pennsylvania, No. CIV. A. 93-1662, 1993 WL 239311, at *3 (E.D. Pa. June 28, 1993).

The Court of Appeals for the Third Circuit in Moore likewise addressed a denial of speedy trial claim.  It concluded that extraordinary circumstances did not exist to permit adjudication of the claim because the applicant "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts." Moore, 515 F.2d  at 449.

There are no assertions in Clegg's pending petition which suggest that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding, or thereafter (if necessary) raise those claims before the Pennsylvania state appellate courts. Petitioner offers no indication that he will suffer irreparable harm with respect to his pending state criminal prosecution or that he is facing the type of extraordinary circumstances contemplated under Moore and Younger which would warrant immediate intervention by this Court.  See Hess v. Lewis, 94 F.3d 651, 1996 WL 468615, at *1 (9th Cir. 1996)(abstention is appropriate until after federal habeas petitioner presents his speedy trial claims to the state courts).

Petitioner's allegation of delay in his state criminal prosecution is a matter of concern.  Nonetheless, the pre-trial delay has not reached the level of excessiveness which would trigger a finding of extraordinary circumstances under the standards developed in Moore and  Younger.  This conclusion is bolstered by Petitioner's apparent failure to seek relief from the state appellate courts prior to seeking federal habeas corpus review, as well as his concession that his state criminal trial is scheduled to begin soon.  See Dkt. Entry # 1, ¶ 3.  Under these circumstances, intervention by this Court is not warranted at this juncture. Abstention is required in this case out of deference to the integrity of the state judicial process.  See Arsad v. King, Civil Action No. 07-1952, 2008 WL 5101700, at *9 (E.D. Pa. Nov. 26, 2008) (consideration of unexhausted speedy trial claim by § 2254 petitioner is

precluded under <u>Moore</u> and <u>Younger</u>).  Consequently, the petition for a writ of habeas corpus will be dismissed without prejudice.  An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

AUSTIN CLEGG,                          :
                                       :
                  Petitioner,          :
                                       :   CIVIL NO. 3:CV-09-394
            v.                         :
                                       :   (JUDGE VANASKIE)
                                       :
COMMONWEALTH OF PA,                    :
et al.,                                :
                                       :
                  Respondents.         :

<u>ORDER</u>

NOW, THIS 16th DAY OF APRIL, 2009, in accordance with the accompanying

Memorandum, IT IS HEREBY ORDERED THAT:

1.      Petitioner is granted <u>in</u> <u>forma</u> <u>pauperis</u> status for the sole purpose of

        the filing of this action.

2.       The petition for writ of habeas corpus is DISMISSED WITHOUT

        PREJUDICE.

3.      The Clerk of Court is directed to mark this matter CLOSED.

4.      There is no basis for the issuance of a Certificate of Appealability.

                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge